# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Case Nos. 24-1190, 24-1204

---

PAUL SHAO,

Plaintiff – Appellant,

v.

ALLSTATE INSURANCE COMPANY,

Defendant – Appellee

---

On Appeal From Orders Of The
United States District Court, Eastern District of Virginia

---

## ALLSTATE INSURANCE COMPANY'S OMNIBUS INFORMAL RESPONSE BRIEF TO PAUL SHAO'S APPEALS BRIEFS

---

**Defendant– Appellee**
By Their Attorney,

_____/s/ J. Scott Humphrey_____
J. Scott Humphrey
Katie Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312-212-4949
shumphrey@beneschlaw.com
kburnett@beneschlaw.com
**Dated:  May 23, 2024**

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................1

STATEMENT OF THE CASE.................................................................2

I.    RELEVANT FACTUAL BACKGROUND ........................................2

II.    PROCEDURAL HISTORY...........................................................6

    A.    Shao's First Brief (Doc. 17):  Shao's Motion For Leave To File Second Amended Complaint And Motion To Take Depositions. ..........................................................................7

        i.    Shao's Motion For Leave To File Second Amended Complaint.....................................................................7

        ii.    Shao's Motion to Take Depositions ...........................8

    B.    Shao's Second Brief And Amendment (Doc. 20 & 21): Orders Issued At The March 1, 2024 Hearing ...................10

    C.    Current Case Status ...............................................................12

ARGUMENT ........................................................................................12

I.    THIS COURT LACKS JURISDICTION OVER SHAO'S APPEALS. ...................................................................................12

    A.    The Orders Denying Shao's Motion For Leave To Amend The Complaint And Motion To Depose Witnesses Are Not Appealable Orders. ............................................................14

    B.    The Orders Decided On March 1, 2024 (ECF 142) Are Not Appealable Orders. .......................................................16

II.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN DENYING SHAO'S MOTIONS AND/OR DECIDING IN ALLSTATE'S FAVOR.........................................18

    A.    The District Court Properly Denied Shao's Motion For Leave To File Second Amended Complaint (ECF 76).......................21

i

i. The District Court Properly Denied Shao's Request To Add Claims To His Complaint (Shao's Issue A-1 & A-2). ..................................................................23

ii. The District Court Properly Denied Shao's Request To Include The Shapiro Declaration With His Complaint (Shao's Issue A-3). ...................................................25

iii. The District Court Properly Denied Shao's Request To Add Shapiro, Wilson, and Smith As Defendants To His Complaint (Shao's Issues A-4, A-5, & A-6).................26

B. The District Court Properly Denied Shao's Motion to Take Depositions (ECF 86). ..................................................29

C. The District Court Properly Denied Shao's Motion to Compel Discovery (ECF 124)............................................33

D. The District Court Properly Decided All Issues Relating to Depositions.....................................................................34

E. The District Court Properly Denied Shao's Motion for Sanctions (ECF 124). ...........................................................36

F. The District Court Denied As Moot Allstate's (ECF 124, 139)........................................................................................38

CONCLUSION .......................................................................................39

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.*,
164 F.3d 623 (4th Cir. 1998)..............................................................38

*Bell v. Brockett*,
922 F.3d 502 (4th Cir. 2019)..............................................................35

*Bowen v. State Farm Fire & Cas. Co.*,
61 F.3d 899 (4th Cir. 1995)................................................................17

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*,
329 F.3d 285 (4th Cir. 2003)..............................................................38

*Bridges v. Dep't of Maryland State Police*,
441 F.3d 197 (4th Cir. 2006).................................................... 14, 15

*Brikbeck v. Marvel Lighting Corp.*,
30 F.3d 507 (4th Cir. 1994)................................................................27

*Catlin v. United States*,
324 U.S. 229 (1945) .................................................................. 13, 15

*Chacko v. Patuxent Inst.*,
429 F.3d 505 (4th Cir. 2005)..............................................................27

*Cohen v. Beneficial Industrial Loan Corp.*,
337 U.S. 541 (1949) ..........................................................................13

*Cooper v. Johnson*,
252 F.3d 435 (5th Cir. 2001)..............................................................14

*Custer v. Sweeney*,
89 F.3d 1156 (4th Cir. 1996)..............................................................27

*E. Claiborne Robins Co. v. Teva Pharm. Indus., Ltd.*,
2021 WL 12126391 (E.D. Va. Nov. 8, 2021).......................... 22, 28

iii

*Equal Rts Ctr. v. Niles Bolton Assocs.*,
 602 F.3d 597 (4th Cir. 2010) ..................................................... 22, 28

*Firewalker-Fields v. Lee*,
 58 F.4th 104 (4th Cir. 2003) .............................................................32

*Foman v. Davis*,
 371 U.S. 178 (1962) ..........................................................................22

*Fuller v. Narron*,
 977 F.2d 572 (4th Cir. 1992) ............................................................14

*Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC*,
 2019 WL 8128147 (E.D. Va. Jan. 7, 2019) .....................................36

*GE Inv. Private Placement Partners II v. Parker*,
 247 F.3d 543 (4th Cir. 2001) ............................................................22

*Glaser v. Enzo Biochem*,
 464 F.3d 474 (4th Cir. 2006) ..................................................... 19, 28

*Hare v. Comcast Cable Commc'ns Mgmt., LLC*,
 564 F. App'x 23 (4th Cir. 2014) .......................................................35

*HCMF Corp. v. Allen*,
 238 F.3d 273 (4th Cir. 2001) ..................................................... 23, 25

*HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgmt., Inc.*,
 737 F. Supp. 2d 533 (E.D. Va. 2010) ..............................................24

*HealthSouth Rehab. Hosp. v. Am. Nat. Red Cross*,
 101 F.3d 1005 (4th Cir. 1996) ..........................................................22

*Hunt v. Branch Banking & Trust Co.*,
 480 Fed. Appx. 730 (4th Cir. 2012) .................................................19

*Hunter v. Earthgrains Co. Bakery*,
 281 F.3d 144 (4th. Cir. 2002) ...........................................................19

*Kariuki v. N. Carolina Dep't of Ins.*,
 796 F. App'x 175 (4th Cir. 2020) .....................................................18

iv

*Kariuki v. N. Carolina Dep't of Ins.*,
    2021 WL 2188672 (E.D.N.C. May 28, 2021)....................................................17

*Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*,
    2012 WL 12894840 (E.D. Va. Feb. 23, 2012)................................................34

*Lissau v. S. Food Serv., Inc.*,
    159 F.3d 177 (4th Cir. 1998)........................................................................27

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*,
    43 F.3d 922 (4th Cir. 1996).........................................................................19

*McClain v. N. Carolina Dep't of Corr.*,
    22 F. App'x 140 (4th Cir. 2001) ..................................................................16

*McClelland v. Angelone*,
    30 F. App'x 219 (4th Cir. 2002) ..................................................................18

*McCook Metals LLC v. Alcoa, Inc.*,
    249 F.3d 330 (4th Cir. 2001).......................................................................13

*MDK, Inc. v. Mike's Train House, Inc.*,
    27 F.3d 116 (4th Cir. 1994).........................................................................13

*Mills v. Bunfess*,
    164 F.3d 625; 1998 WL 708610 (4th Cir. 1998) .................................... 16, 17

*Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*,
    591 F.2d 174 (2d Cir. 1979).........................................................................17

*Navy Fed. Credit Union v. LTD Fin. Servs., L.P*,
    2019 WL 2203128 (E.D. Va. May 3, 2019) .................................................38

*Nicholas v. Wyndham Int'l, Inc.*,
    373 F.3d 537 (4th Cir. 2004)........................................................................13

*Norman v. Wells Fargo Bank. N.A.*,
    749 Fed. Appx 205 (4th Cir. 2019)..............................................................15

*Paul Shao v. Allstate Insurance Company, Eastern District of Virginia, Case*,
    No. 20-cv-809, E.D. Va.................................................................................1

*Rainey for Est. of Rainey v. Anderson*,
    2018 WL 3636596 (E.D. Va. Apr. 11, 2018)..................................................34

*Ramara, Inc. v. Westfield Ins. Co.*,
    2015 WL 12806511 (E.D. Pa. Jan. 30, 2015) .................................................16

*Richardson v. Clarke*,
    52 F.4th 614 (4th Cir. 2022)...........................................................................24

*Sawyer v. Murray*,
    76 F.3d 375; 1996 WL 31920 (4th Cir. 1996) ...............................................17

*Schiff v. Warden*,
    2023 WL 8728583 (4th Cir. Dec. 19, 2023) ..................................................18

*Star v. Warehouse Bar & Grille*,
    2022 WL 2340552 (4th Cir. June 29, 2022) ..................................................17

*Stone v. Univ. of Maryland Med. Sys. Corp.*,
    855 F.2d 178 (4th Cir. 1988)..........................................................................19

*U.S. Airline Pilots Ass'n v. Awappa, LLC*,
    615 F.3d 312 (4th Cir. 2010)..........................................................................22

*U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*,
    707 F.3d 451 (4th Cir. 2013)..........................................................................22

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
    525 F.3d 370 (4th Cir. 2008)..........................................................................24

*United States v. Gomez-Gomez*,
    643 F.3d 463 (6th Cir. 2011)................................................................. 14, 15

*Wall v. Rasnick*,
    42 F.4th 213 (4th Cir. 2022)...........................................................................19

*Walton v. Sch. Bd. of Gloucester Cnty.*,
    2006 WL 3838235 (E.D. Va. Dec. 4, 2006) ..................................................27

*Westfield Ins. Co. V. Carpenter Reclamation, Inc.*,
    614 Fed.Appx. 622 (4th Cir. 2015).................................................................34

*Wolfe v. Johnson,*
565 F.3d 140 (4th Cir. 2009)..............................................................19

*Wood v. Credit One Bank,*
2017 WL 11503875 (E.D. Va. Sept. 21, 2017)................................37

**Statutes**

Title 28 U.S.C. § 1291 .........................................................................13

Title 28 U.S.C. § 1292 ................................................................... 13, 16

Title 28 U.S.C. § 1332 .........................................................................23

**Other Authorities**

Federal Rules of Civil Procedure Rule 11 ...........................................38

Federal Rules of Civil Procedure Rule 26 ............................... 9, 30, 37

Federal Rules of Civil Procedure Rule 37 ...........................................34

Federal Rules of Civil Procedure Rule 45 .............................................9

Federal Rules of Civil Procedure Rule 54 ...........................................13

Defendant-Appellee Allstate Insurance Company ("Allstate") respectfully submits its Omnibus Informal Response Brief in Opposition to Plaintiff-Appellant Paul Shao ("Shao")'s Informal Opening Brief for 24-1190 ("First Brief"), Informal Opening Brief for 24-1204 ("Second Brief"), and Amendment to Informal Opening Brief for 24-1204 ("Amendment"). In support thereof, Allstate respectfully states as follows:

## **INTRODUCTION**

Throughout this litigation, Shao has demonstrated a clear disregard for the District Court's rules and the law. Shao filed several baseless motions and moved for reconsideration when the Court did not rule his way. He did not follow the Local or Federal Rules regarding discovery issues. Both Allstate and the District Court repeatedly attempted to explain the relevant rules and law to Shao, yet he refused to listen. Now, true to form, Shao filed two baseless appeals, in which he seeks appellate review of three orders entered by the District Court: ECF 76,[1] which denied Shao's Second Motion for Leave to Amend his Complaint; ECF 82 which denied-in-part Shao's Motion to Take Depositions; and ECF 124, which granted-in-part Allstate's Motion to Compel discovery from Shao, denied Shao's Motions to

---

[1] Unless otherwise stated, all ECF cites refer to the District Court record: *Paul Shao v. Allstate Insurance Company*, Eastern District of Virginia, Case No. 20-cv-809.

Compel discovery from Allstate, denied Shao's Motion for Leave to File Subpoenas, Shao's Motion for Sanctions against Allstate, and denied as moot Allstate's motion to seal and remove from the docket. Shao's appeal also raises new points that he did not raise before the District Court.

*First*, orders relating to the issues that Shao currently appeals are not typically appealable as they are not final orders. *Second*, even if this Court undertakes review of the District Court's orders, it must review the District Court's decisions for an abuse of discretion. Shao does not argue that the District Court abused its discretion, perhaps because he could not: the District Court adequately considered and denied Shao's Motions. *Third*, like Shao's District Court filings, Shao's appeals have no basis in law or fact. On appeal, they are merely another vehicle for Shao to express disagreement with the District Court without specifying a legal reason for why the decisions were incorrect. *Fourth*, it is also well-established that new arguments may not be raised for the first time on appeal. For the reasons discussed below, Allstate respectfully requests that this Court DISMISS Shao's appeals, or in the alternative, AFFIRM the District Court's orders in ECFs 76, 82, and 124.

## STATEMENT OF THE CASE

### I.     RELEVANT FACTUAL BACKGROUND

Shao was an exclusive Allstate Agent from August 1, 2015 to May 30, 2020. As an Allstate agent, Shao solicited potential and existing customers to purchase

Allstate products and serviced existing Allstate customers' needs. To effectuate this relationship, Shao signed an Allstate R3001S Exclusive Agency Agreement (the "Agreement"). (Dkt. 1-1, p. 49). Section II(B) of the Agreement provides that Shao will "meet certain business objectives established by [Allstate] in the areas of profitability, growth, retention, customer satisfaction, and customer service." (*Id*. at p. 50). Allstate utilizes a program known as "Allstate Business Objectives" to ensure that its agents meet this obligation. (Dkt. 1-1. p. 65-67). Allstate agents, like Shao, must meet their Allstate Business Objectives to maintain their status as an Exclusive Allstate Agent. (*Id*.).

Shao repeatedly failed to meet his Allstate Business Objectives ("ABO"). On February 10, 2020, Allstate notified Shao that he was terminated, effective May 30, 2020. (ECF 25, ¶ 11p). Allstate gave Shao the option of accepting a termination payment from Allstate or selling the economic interest to an approved buyer. (*Id*. at ¶¶ 38, 42). Shao was unable to sell his book to an approved buyer and elected to receive termination payments ("TPP"). (*Id.* at ¶¶ 42-43). Allstate then made the requisite TPP to Shao. (*Id.* at ¶¶ 39, 47).

Since his termination on May 30, 2020, Shao filed two lawsuits against Allstate involving allegations regarding his Allstate Agreement, termination payments, and workplace environment. First, Shao filed a case in state court in which he ultimately agreed to non-suit. *Paul Shao v. Allstate Insurance Company*,

Case No. 2021-03092, Circuit Court for the County of Fairfax. (ECF 54, p. 2). Second, Shao filed this instant action against Allstate in state court, which was subsequently removed to federal court. *Paul Shao v. Allstate Insurance Company*, Case No. 2023-7310, Circuit Court for the County of Fairfax. (ECF 1).

Shao's operative complaint (ECF 25) alleges the following claims:

- <u>Count 1:</u> Failure to Pay Full TPP Amount

- <u>Count 2:</u> Failure to Pay The Portion of The Book Written By Employee Salespersons

- <u>Count 3:</u> Failure to Provide a Transitional Time for Shao to Exit Allstate to Minimize His Loss Due to Allstate's Sudden Abandonment The Trusted Advisor Program Under Which Shao Was Recruited

- <u>Count 4:</u> Conversion Against Allstate

- <u>Count 5:</u> Intent To Deceive In The Title Was Expressively Contradicted By Allstate in the Content of the EA Agreement – The EA Agreement Is A Bad Faith Contract

- <u>Count 6:</u> Allstate Violates The Principle Of Consideration In The Contract Law By Abandoning The Principle Of Reciprocity In Its EA Relationship

- <u>Count 7:</u> ABO (Allstate Production Quota) Nulls The Status Of An EA As An Independent Contractor And Allstate Fails To Reclassify Them As Employee Salespersons Who Deserve The Employee Benefits

- <u>Count 8:</u> Allstate Has The Trait Of A Police State In The Sense That It Denies Due Process In Its Administrative Disciplinary Operation For The Failure To Provide Evidence To Support Its Accusation And Failure To Give The Accused An Opportunity To Defend Himself/Herself

- <u>Count 9:</u> Rule Of Law Had Not Been Evenly Or Equitably Applied In The Realm Of Allstate Disciplining Its Members—With Some Above Receiving No Punishment And Some Below With Harsh Punishment

- **Count 10:** Allstate Has A Second Trait Of A Police State In The Sense That It Silences And/Or Punishes The Expresses Of Man's Humanity-To-Man Among Agents And Allstate Members

- **Count 11:** Allstate Engaged in Highway Robbery Figuratively Speaking In The Sense That It Confiscates Agents' Wallet Through ABO And TPP To Enrich That Of Its Higher Echelons—Allstate Committed Fraud

- **Count 12:** Allstate Has Violated Shao's Human Rights

- **Count 13:** Allstate Put Shao In The Harm's Way By Failing To Comply With The White House Declaration of State of National Emergency On 3/13/20 Due To The Covid-19 Pandemic And With The Virginia Governor Ralph Northam's Stay-At-Home Order Which Was To Take Effect On 3/20/20 In Denying Shao's Request For An Termination Extension For Two Months.

(ECF 25).

In sum, Shao's Complaint alleges that Allstate did not pay him the commissions he was allegedly owed upon his termination and/or his TPP was less than he expected. To the extent that Allstate understands Shao's complaint, Shao claims he is owed an additional $17,293.90 and/or $53,019.43 in unpaid commissions. (ECF 25 at p. 40-41.)

Shao also alleges he experienced a hostile work environment at Allstate, including violations of the Virginia Human Rights Act ("VHRA"), Title VII of the Civil Rights Act ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (ECF 25 at p. 55-56.) Shao claims that Ann Smith, his Regional Sales Leader, discriminated against him. (First Brief, p. 7-11). Shao accuses Ms. Smith of creating a "harsh[] working environment" in which he was afraid to say no to potential meetings. (ECF 25, ¶ 32). From what Allstate understands Shao's

Complaint to allege, Shao believes he was discriminated against due to his age and health, mainly his sleep apnea condition. (*Id*.). Shao alleges that he detailed this "brutally hostile working environment" in an e-mail to Ms. Smith on September 3, 2019. (*Id*. at ¶¶ 33-34; ECF No. 1-1, p. 136-140). Shao, however, did not follow any administrative procedures regarding his discrimination claims. (ECF 54, p. 6). Finally, Shao alleges that Allstate should have extended his termination date due to the Covid-19 Pandemic and Stay-At-Home Orders. (ECF 25, ¶¶ 120-123).

None of Shao's claims have legs or evidence to support the allegations. Naturally then, it follows that Shao's motions relating to these facts also fail to raise judiciable issues. For these reasons, Shao's appellate briefs should be denied and the District Court's orders should be AFFIRMED entirely.

## II.    PROCEDURAL HISTORY

Shao's Complaint was removed to the District Court on June 22, 2023. (ECF 1). Shao then filed a motion to remand and attempted to sanction Allstate and its attorneys for filing its notice of removal. (ECFs 11, 16). The District Court denied Shao's Motion for Sanctions, finding that Allstate "has not violated the AA Model Rules of Profession Conduct or Rule 11(b)." (ECF 23). Shao filed a Motion for Reconsideration of this Order, which the District Court also denied. (ECF 26, 30).

On August 8, 2023, Shao filed a Motion for Leave to File Amended Complaint After Nonsuit. (ECF 19). The District Court granted Shao's Motion, and Shao filed

an Amended Complaint on August 29. (ECF 25). This Amended Complaint is the operative Complaint in this matter. Allstate filed its Answer on September 12, 2023. (ECF 28).

On October 18, 2023, the parties attended an initial pretrial conference, and the District Court entered the parties' discovery plan. (ECF 34). The parties subsequently exchanged written discovery requests, and the District Court entered an agreed-upon Protective Order at Shao's request. (ECFs 44, 45). Then, on November 9, 2023, Shao filed his Motion to Compel Disclosure, which challenged the sufficiency of Allstate's Rule 26 disclosures. (ECF 39). The District Court denied this motion (ECF 49). Shao filed a Motion for Reconsideration of this Order, which the District Court also denied. (ECFs 56, 61).

### A. Shao's First Brief (Doc. 17): Shao's Motion For Leave To File Second Amended Complaint And Motion To Take Depositions.

#### i. Shao's Motion For Leave To File Second Amended Complaint

Shao filed his Motion for Leave to File Second Amended Complaint After Nonsuit ("Motion for Leave to Amend") on November 27, 2023. (ECF 47). Shao sought to make three types of amendments to his Complaint. First, Shao sought to add two claims regarding trover and breach of fiduciary duty. (*Id*. at p. 1-2). Second, Shao sought to name three former or current Allstate executives (Glenn Shapiro, Allstate's Former President; Tom Wilson, Allstate's Chief Executive Officer; and

Ann Smith, a former Regional Sales Leader at Allstate) as defendants in their individual capacities. (*Id*. at p. 2-3). Third, Shao sought to include a declaration by Glenn Shapiro from a different litigation as an exhibit to his Complaint. (*Id*. at p. 2).

Allstate filed its Opposition on December 13, 2023. (ECF 54). Shao then filed "counterarguments" in support of his Motion for Leave. (ECF 62). On January 23, 2024, the District Court held oral arguments on Shao's Second Motion for Leave to Amend and denied the Motion. (ECFs 75, 76). In doing so, the District Court noted that Shao's motion "indicate[s] a lack of understanding of a number of areas that are fairly basic in terms of civil procedure and civil process." (ECF 92, Jan. 23, 2024 Hearing Tr. at 4:21-23). The Court provided Shao an issue-by-issue explanation as to why the Court is denying his motion. (*Id*. at 5:23-12:18). Court entered a written order to this effect. (ECF 76). Shao now appeals this ruling. (ECF 116; Case No. 24-1190, Doc. 17).

## ii. Shao's Motion to Take Depositions

On January 19, Shao filed his Motion to Take Depositions. (ECF 73). In this Motion, Shao requested to depose ten individuals: Maggie Wang, who Shao refers to as his "assistant" (ECF 25, ¶ 11n); Bryan Reid, who Shao refers to as his "sub-agent" (*Id*. at ¶ 11b); Amy Ho, who Shao identifies as the mother of his "sub-agent" Peggy and a potential buyer of his book (*Id*. at ¶ 22); Tim Beckner, who Shao

considers a "New Agent Sales Leader" at Allstate (*Id*. at ¶ 12); Hilarie Sweeney, Allstate's Financial Compliance Officer (ECF 78, ¶ 8); Robert Hopkins, Allstate's Regional Finance Leader (*Id*. at ¶ 9); Rick Bosworth, Allstate's Chief Underwriter of Life Underwriting (*Id*. at ¶ 9); Tom Wilson, Allstate's Chief Executive Officer. (*Id*. at ¶ 6); Glenn Shapiro, Allstate's former President (*Id*. at ¶ 7); and Ann Smith, former Regional Sales Leader at Allstate (ECF 73, ¶ 10).

Allstate filed its Response on January 25. (ECF 78). The next day, the District Court ordered Shao to file his reply by January 31 and noted that "to the extent Plaintiff's email was meant to be interpreted as a motion to extend the discovery deadline, Plaintiff's request to extend the discovery deadline is DENIED." (ECF 79). Shao moved to reconsider the denial of the discovery deadline extension in ECF 79, which the District Court denied. (ECF 86, 97).

The District Court ultimately granted Shao's request to depose Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho on the condition that he complies with Federal Rules of Civil Procedure 26, 30, and/or 45 and before the fact discovery deadline (ECF 82). The District Court denied Shao's request to depose Tom Wilson, Glenn Shapiro, Robert Hopkins, Rick Bosworth, and Hilarie Sweeney because "the depositions of these individuals are neither relevant nor proportional to the needs of this case pursuant to Fed. R. Civ. P. 26." (*Id*. at p. 2). Shao now appeals this ruling. (ECF 116).

**B.    Shao's Second Brief And Amendment (Doc. 20 & 21): Orders Issued At The March 1, 2024 Hearing**

Prior to the close of fact discovery, Allstate attempted to meet and confer with Shao about his discovery and deposition, all of which Shao ignored.  (ECF 127, p. 2-4).  Consequently, Allstate moved to compel responses to Requests for Production Nos. 2, 15, and 20 from Shao on February 8, 2024. (ECF 84). Shao then filed three Motions to Compel of his own: Motion to Compel First and Second Set of Requests for Admissions (ECF 94), Motion to Compel First and Second Set of Interrogatories (ECF 95), and Motion to Compel First and Second Set of Requests for Production (ECF 96).  Then, on February 15, 2024, Shao filed his "Responses in Opposition to Defendant's Production of Documents", which appears to challenge Allstate's production. (ECF 107). Shao attached several documents that Allstate marked confidential pursuant to the Protective Order. (*Id*.). He also moved to sanction Allstate. (ECF 108). Because Shao publicly filed Allstate's Confidential Information, Allstate filed a Motion to Seal and Motion to Remove From Docket. (ECFs 109, 110). The District Court originally sealed all documents pending further ruling. (ECF 113).

On March 1, 2024, the District Court conducted a hearing on several of the outstanding motions. The District Court decided as follows:

- **Allstate's Motion to Compel Discovery from Shao (ECF 84):** The District Court granted-in part Allstate's Motion to Compel Discovery and ordered Shao to turn over his Facebook posts in the All-Agents Facebook Page in

response to Request for Production No. 15. (ECF 124, p. 1). During the hearing, the Court explained that these posts are discoverable because Shao referenced them in his Complaint. (March 1 Hearing Tr. at 6:10-23). Allstate withdrew its motion to compel responses to Requests for Production Nos. 2 and 20.

- **Shao's Motion to Compel Discovery from Allstate (ECF 94, 95, 96)**: The District Court denied Shao's Motion to Compel Discovery. (ECF 124). The Court explained that it cannot "compel something that's not a clear request, properly articulated under the rules." (March 1 Hearing Tr. at 13:5-9).

- **Shao's Motion for Leave To File Subpoenas (ECF 103)**: The Court denied Shao's motion for leave to file subpoenas without prejudice. (ECF 124). The Court informed Shao that he must "follow the rules in terms of how to execute the subpoena, how to serve the subpoena, and then with respect to the subpoena itself." (March 1 Hearing Tr. at Page 14:14-23). The Court referred Shao to a local booklet at the Clerk's office and the specific local rules for further guidance. *Id.*

- **Shao's Motion for Sanctions Against Allstate (ECF 108):** The Court denied Shao's Motion for Sanctions. (ECF. 124). The Court found that that there is no "basis in law or fact [] that anybody engaged in inappropriate conduct, much less any sanctionable conduct." (March 1 Hearing Tr. at 16:6-9). The Court emphasized that Shao made a "very serious action" without "any evidence to support" his claims. (*Id.*).

- **Allstate's Motion to Seal (ECF 109) and Remove from Docket (ECF 110):** The Court denied Allstate's Motion to Seal and Motion to Remove From Docket as moot. (ECF. 124). The Court ordered Allstate to file a renewed motion to seal within ten days. (*Id.*).

Shao filed his Amended Notice of Appeal on March 4, 2024 to add these orders to his appeal. (ECF 130; Case No. 24-1204, Doc. 20 & 21.) Shao appeals all of the decisions issued on March 1, 2024 (ECF 124) except for Allstate's Motion to Compel Discovery (ECF 84); he writes in his Second Brief that his "Relief Requested" for his Motion to Compel Discovery from Allstate is "NA." (Doc. 20.)

### C. Current Case Status

Despite repeated reminders from Allstate and the District Court, Shao did not agree to sit for his deposition before the close of fact discovery. (ECF 127). On March 5, 2024, Allstate filed its Motion to Compel Deposition and extension of the fact discovery deadline for this limited purpose. (*Id*.). The District Court granted Allstate's Motion. (ECF 132). Shao moved to reconsider this ruling. (ECF 138). The District Court scheduled a hearing for March 15, 2024, but Shao did not appear. (ECF 141). The District Court denied Shao's Motion for Reconsideration, and Allstate took Shao's deposition on March 20. Fact discovery, then, closed. (ECF 132). To Allstate's knowledge, Shao neither sent out the deposition subpoenas to the five witnesses he was provided leave to depose (Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho) nor conducted depositions prior to the close of discovery.

## ARGUMENT

## I. THIS COURT LACKS JURISDICTION OVER SHAO'S APPEALS.

The issues raised by Shao's First and Second Briefs are not properly before this Court. None of the issues raised by Shao's appeals are final orders, appealable interlocutory orders, or appealable collateral orders, and therefore, this Court lacks jurisdiction.

Courts of Appeals may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. § 1291 (1988); 28 U.S.C. § 1292 (1988); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Narrow categories of interlocutory orders are subject to appeal per section 1292 of the U.S. Code, which include orders involving injunctions, receiverships, and admiralty. 28 U.S.C. § 1292(a)(1)-(3).

"Discovery orders are 'inherently interlocutory' and typically not appealable." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 541 (4th Cir. 2004) (quoting *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 335 (4th Cir. 2001)). Rather, "[i]n the ordinary course, the same court that enters a discovery order will enter a final judgment in the case; on appeal from that final judgment, the party aggrieved by a discovery order may challenge that order along with any other orders entered in the case. In that situation, there is no need for immediate appellate review." *Id.* As a practical matter, "[a]llowing immediate appeal of the orders resolving discovery disputes would only disrupt and delay district court proceedings and clog the courts of appeals with matters more properly managed by trial courts familiar with the parties and their controversy." *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994).

Shao's appeals are precisely the type of appeals that this Court seeks to prevent. Shao's appeals are improper because the orders identified therein are not final orders or appealable interlocutory or collateral orders, and thus the Fourth Circuit does not have jurisdiction to review them.

### A. The Orders Denying Shao's Motion For Leave To Amend The Complaint And Motion To Depose Witnesses Are Not Appealable Orders.

Shao's First Brief (24-1190, Doc. 17) is improper because the two orders for which Shao seeks appellate review are not appealable orders. Specifically, orders on motions for leave to file an amended complaint and motions to depose witnesses are not final orders, appealable interlocutory orders, or collateral orders. Therefore, the Fourth Circuit does not have jurisdiction to review them, and the Court should disregard Shao's brief.

"A denial of a motion to amend a complaint is not a final order, nor is it an appealable interlocutory or collateral order." *Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 206 (4th Cir. 2006); *accord Fuller v. Narron*, 977 F.2d 572 (4th Cir. 1992). The same is true for motions to take depositions. "The denial of a motion to depose witnesses is not an immediately appealable collateral order because it is reviewable on appeal from a final judgment." *United States v. Gomez-Gomez*, 643 F.3d 463, 469 (6th Cir. 2011); *see also Cooper v. Johnson*, 252 F.3d 435

(5th Cir. 2001) (finding that a motion to take depositions was not immediately appealable).

This situation is no exception to the rule. The District Court's Orders denying Shao's Motion for Leave to File Second Amended Complaint and granting-in-part and denying-in-part Shao's Motion to Take Depositions are not final orders, nor are they appealable interlocutory orders. Because Plaintiff's Amended Complaint (ECF 25) is still operative, the Order denying Plaintiff's Motion for Leave to File Second Amended Complaint was not a final decision "end[ing] the litigation on the merits." *See Caitlin*, 324 U.S. at 233. Rather, it is an interlocutory order, not subject to immediate appeal. *See Bridges*, 441 F.3d at 206. Likewise, the Order granting-in-part and denying-in-part Plaintiff's Motion to Take Depositions is not a final decision, and it is not an immediately appealable interlocutory order because it would theoretically still be reviewable on appeal. *See Gomez-Gomez*, 643 F.3d at 469.

Because the two orders that Shao appealed are not final orders or interlocutory or collateral orders covered by section 1292 or the collateral order doctrine, the Fourth Circuit does not have jurisdiction to consider them. *See, e.g., Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 206 (4th Cir. 2006). Accordingly, this court should dismiss Shao's appeal of these two orders (24-1190, Doc. 17) for being outside of this Court's jurisdiction. *See Norman v. Wells Fargo Bank. N.A.*, 749 Fed.

Appx 205, 206 (4th Cir. 2019) (dismissing appeal for lack of jurisdiction); *Ramara, Inc. v. Westfield Ins. Co.,* No. CV 13-7086, 2015 WL 12806511, at *1 (E.D. Pa. Jan. 30, 2015) (granting motion to strike an improper Notice of Appeal).

**B.  The Orders Decided On March 1, 2024 (ECF 142) Are Not Appealable Orders.**

Shao's Second Brief (24-1190, Doc. 20) and Amendment (24-1190, Doc. 21) are improper for the same reasons as the First Brief:  the orders he seeks to appeal are not appealable orders, and the Court does not have jurisdiction over non-appealable orders. In other words, none of the following motions relate to orders that are final, interlocutory, or collateral:  Shao's Motion to Compel discovery from Allstate (ECF 94, 95, 96); Shao's Motion for Leave To File Subpoenas (ECF 103); Shao's Motion for Sanctions Against Allstate (ECF 108); and Allstate's Motion to Seal and Remove from Docket (ECF 109, 110).  None of them fall under one of the narrow categories of appealable interlocutory orders as specified in 28 U.S.C. § 1292(a)(1)-(3).  They are also not orders that end litigation on the merits or leave nothing for the Court to do but execute the judgment.

*First*, the orders denying Shao's Motion to Compel discovery from Allstate is not appealable.  *McClain v. N. Carolina Dep't of Corr.*, 22 F. App'x 140, 140 (4th Cir. 2001) ("order denying his motion to compel… is not appealable."); *Mills v. Bunfess*, 164 F.3d 625, 1998 WL 708610, *1 (4th Cir. 1998) (same).  This Court may only exercise jurisdiction over final orders, certain interlocutory orders, and certain

collateral orders, and the motion to compel discovery orders are not any of those specific orders. *Id.*

**Second**, for the reasons stated in I.A. *supra*, orders regarding motions for leave to file subpoenas and/or to take depositions are not appealable. *Kariuki v. N. Carolina Dep't of Ins.*, No. 5:18-CV-00341-D, 2021 WL 2188672, at *1 (E.D.N.C. May 28, 2021) (citing *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 591 F.2d 174, 176–77 (2d Cir. 1979) (citations omitted) ("An order compelling testimony in an ordinary civil or criminal action is neither a final order ... nor an interlocutory order granting an injunction ... and it is not appealable.")).

**Third**, the order denying Shao's Motion for Sanctions is likewise neither final nor appealable interlocutory or collateral orders. *Star v. Warehouse Bar & Grille*, No. 21-1807, 2022 WL 2340552, at *1 (4th Cir. June 29, 2022) ("motion for sanctions and reaffirming on reconsideration the imposition of sanctions… are neither final orders nor appealable interlocutory or collateral orders."); *Sawyer v. Murray*, 76 F.3d 375, 1996 WL 31920, at *1 (4th Cir. 1996) ("motion for sanctions… is not appealable"); *Bowen v. State Farm Fire & Cas. Co.*, 61 F.3d 899 (4th Cir. 1995) (same). Such appeals are typically dismissed for lack of jurisdiction over the orders. *Id.*

**Finally**, the orders denying Allstate's Motion to Seal and Motion to remove confidential documents from the docket are not appealable orders. It is well-

established that these types of motions are not final orders, interlocutory orders, or collateral orders. *Schiff v. Warden*, No. 23-6935, 2023 WL 8728583, at *1 (4th Cir. Dec. 19, 2023) (order regarding "motion to seal… is neither a final order nor an appealable interlocutory or collateral order"); *Kariuki v. N. Carolina Dep't of Ins.*, 796 F. App'x 175, 176 (4th Cir. 2020) (same); *McClelland v. Angelone*, 30 F. App'x 219, 220 (4th Cir. 2002) (same). Accordingly, appeals of motions to seal and related orders are typically dismissed. *Id*.

For these reasons, this Court should dismiss Shao's Second Brief for lack of jurisdiction. Without any issues eligible for appellate intervention, Shao's appeals should be dismissed entirely.

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN DENYING SHAO'S MOTIONS AND/OR DECIDING IN ALLSTATE'S FAVOR.

Shao appeals the orders denying and/or finding for Allstate with respect to the following six motions: (A) Shao's Motion for Leave to File an Amended Complaint (ECF 47); (B) Shao's Motion for Depositions (ECF 73); (C) Shao's Motions to Compel Discovery from Allstate (ECF 94, 95, & 96); (D) Shao's Motion for Leave To File Subpoenas (ECF 103); (E) Shao's Motion for Sanctions Against Allstate (ECF 108); and (F) Allstate's Motion to Seal and Remove from Docket (ECF 109, 110). If the Court determines that it has jurisdiction over Shao's appeal of the orders

relating to these motions, then this Court should apply the abuse of discretion standard to each of the District Court's decisions.

This Court "reviews a denial of leave to amend the complaint for an abuse of discretion." *Glaser v. Enzo Biochem*, 464 F.3d 474, 476 (4th Cir. 2006). "This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1996). A motion to seal is also reviewable for abuse of discretion. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Likewise, motions for sanctions are reviewed under the abuse of discretion standard. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th. Cir. 2002).

"A district court abuses its discretion when it acts in an arbitrary matter, when it fails to consider judicially recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 213, 220 (4th Cir. 2022); *Atlantic Funding Corp. v. Peterson*, 13 Fed. App'x 201, 203-204 (4th Cir. 2001). Put differently, a district court "'necessarily abuses its discretion when it makes an error of law.'" *Hunt v. Branch Banking & Trust Co.*, 480 Fed. Appx. 730 (4th Cir. 2012) (citing *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009)).

As set forth more fully below, the District Court acted well within its discretion in (A) denying Shao's Motion for Leave to Amend his Complaint; (B)

denying-in-part Shao's Motion to Take Depositions; (C) denying Shao's Motions to Compel discovery from Allstate; (D) denying Shao's Motion for Leave to File Subpoenas, (E) denying Shao's motion for sanctions, and (F) denying Allstate's Motion to Seal and Motion Remove from Docket. When making the decisions with which Shao now takes issue, the District Court afforded Shao with wide latitude to prosecute his case. Importantly, the District Court could have decided most of the motions without argument, but held hearings for the motions so Shao could fully make his case. During those hearings, the District Court also guided Shao in what to present in support of his motion, i.e., facts and legal authority. Then, when the District Court did issue orders that prejudiced Shao, it ensured that each one was reasoned with supporting case law and stated on the record so that Shao could understand the effect of the orders.

Now, unsurprisingly, Shao's First and Second Briefs do not provide any legal arguments or examples for how or why the District Court abused its discretion or erred in its ruling. Instead, Shao rehashes old "arguments" and factual concerns. Unfortunately, those old arguments and factual concerns continue to lack any basis in law or fact on appeal. Therefore, the District Court did not abuse its discretion in deciding the orders at ECF 76, 82, and 124, and the District Court's determinations should be affirmed by this Court.

## A.    The District Court Properly Denied Shao's Motion For Leave To File Second Amended Complaint (ECF 76).

The District Court did not abuse its discretion when it denied Shao's Motion for Leave to file a Second Amended Complaint. (ECF 76; Doc. 17.) In the motion, Shao sought leave to make the following amendments to his Complaint: (1) add two claims regarding trover and breaches of fiduciary duty, (2) add a declaration by Glenn Shapiro from a separate litigation as an exhibit to his Complaint, and (3) name three Allstate executives (Glenn Shapiro, Tom Wilson, and Ann Smith) as defendants in their individual capacities. (ECF 47). Shao vaguely argued that he learned new information or new legal authority that would support these amendments, but failed to support these allegations of new information with evidence. At best, Shao argued that he (1) recently discovered the case where Shapiro's declaration was filed; and (2) recently learned that his TPP summary report did not include commercial policies. (ECF 47).

Allstate countered that (a) all of Shao's amendments are futile because Shao's amendments made Shao no more likely to succeed on his claims; (b) Allstate would be prejudiced if Shao were permitted to amend his complaint; and (c) no discovery issued by either of the parties necessitated the addition of Shapiro, Wilson, or Smith in their personal capacities. (ECF 54.). The District Court agreed with Allstate and denied Shao's motion. (ECF 76).

A district court may deny leave if the amendment is futile, there is bad faith on behalf of the moving party, or if the amendment would be prejudicial to the moving party. *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013); *E. Claiborne Robins Co. v. Teva Pharm. Indus., Ltd.*, 2021 WL 12126391, at *1 (E.D. Va. Nov. 8, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court has complete discretion in ruling on a motion for leave to amend "so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *HealthSouth Rehab. Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996); *Equal Rts Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The district court does not abuse its discretion in denying leave when 'amendment would be futile.'" *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (citing *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).

Shao's First Brief identifies six specific issues with this Court's ruling—none of which allege that the District Court abused its discretion. Rather, consistent with its obligations, the District Court considered whether the amendment would be futile, whether Shao exhibited bad faith, and whether the amendment would be prejudicial to Allstate. As set forth more fully below, the District Court also did not outright refuse to grant Shao's request for leave, and it provided a well-reasoned explanation for denying Shao's leave. (ECF 92, Pages 5-12). Consequently, the

District Court acted well within its discretion in Shao's Second Motion for Leave to Amend, and the District Court's denial should be affirmed.

### i. The District Court Properly Denied Shao's Request To Add Claims To His Complaint (Shao's Issue A-1 & A-2).

Shao's Motion for Leave to file a Second Amended Complaint sought to add claims relating to "trover" to his complaint as well as assert a cause of action against Smith for breaches of fiduciary duties (First Brief, ¶ 1; Dkt. 47, p. 1-2). ***First***, the trover action that Shao seeks to add to his Complaint refers to the statute, "28 U.S.C. § 1332." (First Brief, ¶ 2). This amendment is futile because 28 U.S.C. § 1332 is the diversity jurisdiction statute—not an action for trover. *HCMF Corp. v. Allen*, 238 F.3d 273, 277 (4th Cir. 2001) (amendment is futile where it does not give rise to a cognizable claim).

This case is already in federal court, and the addition of the "trover" will not add anything to his complaint that is not already covered by Shao's conversion claim. This addition, therefore, adds no value to Shao's Complaint and serves no purpose. (ECF 25). Indeed, the District Court acknowledged:

> You seek to add or include the following: The addition of the Trover Act, 28 U.S.C. 1332 to augment Virginia law of conversion in the fourth cause of action. 28 U.S.C. 1332 deals with federal subject jurisdiction, specifically diversity jurisdiction. This is not an independent cause of action… [I]t is a basis upon which the Court can exercise subject matter jurisdiction... The Court already has jurisdiction over the dispute. There is no need for Mr. Shao to amend his complaint to cite 1332. Such an amendment, therefore, is undoubtedly futile.

ECF 92 at 5:19-6:2, 10:2-4. Therefore, the District Court considered Shao's arguments and correctly denied Shao's request for leave to add "trover" to his Complaint. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (amendment is futile where it did not state a claim).

**Second**, on appeal, Shao repackages several of his statements into a request for adding "forfeiture" to his complaint. It is well-established that arguments raised on the first time during appeals are waived. *Richardson v. Clarke*, 52 F.4th 614, 625 (4th Cir. 2022). Moreover, such a claim would be futile because Shao's proposed amendments "seeks to supplement already pled claims…[that] address [his] alleged grievances" (ECF 92, Pages 7-8). Even Shao recognized that this claim may not be legitimate. (First Brief, ¶1d) ("*If* the claim of forfeiture…is legitimate…"). It is not.

**Third**, Shao appears to argue that the District Court erred by not allowing his breach of fiduciary duty claim against Smith. (First Brief, ¶ 6). Shao is an independent contractor for Allstate, and Smith does not owe him any fiduciary duties. *HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgmt., Inc.*, 737 F. Supp. 2d 533, 549 (E.D. Va. 2010) ("Where there is a "typical business relationship" without evidence that the parties "intended to create a fiduciary relationship," the court may not create one"). Accordingly, Shao failed to state a claim against Smith, and this amendment is futile.

### ii. The District Court Properly Denied Shao's Request To Include The Shapiro Declaration With His Complaint (Shao's Issue A-3).

Shao inexplicably sought to add to his Complaint the declaration of Glenn Shapiro, the former President of Allstate, from a separate litigation. (First Brief, ¶ 3; ECF 47, p. 1-2). This amendment is likewise futile because it does not make his claims any more likely to succeed. *HCMF Corp.*, 238 F.3d at 277. The declaration does not enhance or add merit to Shao's allegations against Allstate, and it does not provide Shao with a cause of action against Shapiro. The District Court correctly pointed out that "the declaration is in an unrelated action that was filed in Massachusetts…[and] it has no bearing to the issues raised in the pending matter." (ECF 92 at 6:9-10:14). Thus, the District Court considered and rejected the inclusion of the declaration as futile. (*Id*.)

On appeal, Shao states that the declaration is "solid proof" that Shapiro "sheltered-in-place" in Florida and Massachusetts, but he does not connect that decision to his claims against Allstate. (First Brief, ¶ 3a). In other words, Shapiro's decision to "shelter-in-place" has no bearing on Shao's claims in this action, and Shao states no legal basis for reversing the District Court's decision. Therefore, the District Court acted well within its discretion in denying Shao's request for leave to add Shapiro's declaration to his Complaint, and the District Court's decision should be affirmed.

### iii. The District Court Properly Denied Shao's Request To Add Shapiro, Wilson, and Smith As Defendants To His Complaint (Shao's Issues A-4, A-5, & A-6).

Shao's Motion also sought to add three former or current Allstate executives as defendants in their individual capacities: Glenn Shapiro, the former President of Allstate; Tom Wilson, the Chief Executive Officer of Allstate; and Ann Smith, a former Allstate employee. (ECF 47, p. 2-3). The addition of each of these individuals is futile because Shao is unable to assemble any cognizable claim against them. *U.S. ex rel. Wilson*, 525 at 376.

Shao provides four reasons for adding Shapiro as a defendant: (1) he "did not value Shao's life to be deserved to take Shelter-in-Place"; (2) "[h]e was the executive who signed the memo on Shelter-in-Plaice…"; (3) "[h]e was the chief executive who was responsible for the sudden abandonment of the trusted advisor program…"; and (4) "He personally benefited mightily in thousands and millions of dollars through stock options because of the execution of ABO and TPP…" (First Brief, ¶ 4). Similarly, Shao sought leave to add Tom Wilson as a defendant in his individual capacity because (1) he did not respond to Shao's March 25 Letter; (2) he fixed the "symptoms" of the alleged discrimination against Shao, but not the "roots", and (3) he personally benefited from ABO and TPP. (First Brief, ¶ 5). Shao further provides that Smith should be added to his complaint because (1) she breached her duty of care and loyalty by "harassing Shao to sell his agency"; (2) "she discriminated

against Shao"; (3) "she conspired to remove any staff help Shao could get..." and (4) she sent Shao a potential buyer. (First Brief, ¶ 6).[2]

None of these allegations suggest a cause of action may exist against either Shapiro, Wilson, or Smith in their personal capacities. In other words, Shao fails to connect the allegations against Shapiro and Wilson to any existing, cognizable cause of action. Additionally, Shao failed to establish that his discrimination and/or fiduciary duty allegations may be asserted against Smith in her individual capacity. Shao failed to allege that he exhausted the necessary administrative remedies to pursue discrimination claims against Smith and that fiduciary duty claims may apply to Smith—both of which are fatal to his claims. (ECF 54, p. 6); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 (4th Cir. 2005) ("We have generally dismissed any claims in which the plaintiff has not exhausted his administrative remedies before bringing suit"); *Custer v. Sweeney*, 89 F.3d 1156, 1161 (4th Cir. 1996) (affirming dismissal of breach of fiduciary duty claim). Moreover, Allstate pointed out that discovery was

---

[2] Shao also claims incorrectly that the human rights statutes include liability for individuals separate from their employers. (First Brief ¶ 6.) This claim should be rejected. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations"); *Walton v. Sch. Bd. of Gloucester Cnty.*, 2006 WL 3838235, at *5 (E.D. Va. Dec. 4, 2006) ("The VHRA does not create a cause of action against an individual who is not an employer"); *Brikbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) ("[T]he ADEA limits civil liability to the employer").

set to close shortly after his motion, and accordingly, having to defend against these new frivolous allegations would prejudice Allstate.  (ECF 54, p. 8-9).

The District Court agreed with Allstate, noting that "[N]o discovery has been issued or provided that would necessitate adding Mr. Wilson, Mr. Shapiro, or Ms. Smith to the complaint[.] [T]hese individuals have little relation to your claims, and even if they did, they did so only in their professional capacity as Allstate employees, and, therefore, cannot be held personally liable for Allstate's business decisions." (ECF 92 at 7:15-22.)  The Court concluded, therefore, that "Shao does not have a valid claim against any of the Allstate executives in their individual capacity. Allstate would be prejudiced if Mr. Shao were allowed to amend his complaint." (*Id*. at 10:15-23.)  The Court also noted that discovery was to end in three-and-a-half weeks.  (*Id*. at 9:3-7.)  In such circumstances, courts have denied motions for leave to amend.  *Equal Rights Ctr v. Niles Bolton Ass.*, 602 F.3d 597, 603 (4th Cir. 2010) (district court did not abuse its discretion when amendment came "belatedly" and would "change the nature of litigation"); *Glaser*, 464 F.3d at 480 (district court did not abuse its discretion where plaintiff previously had opportunities to present its claims); *E. Claiborne Robins Co. V. Teva Pharm. Indus., Ltd*., 2021 WL 12126391, at *1 (E.D. Va. Nov 8, 2021) ("[C]ourts also deny leave to amend when the proposed amendment is filed well into the discovery period, when there are indications of a lack of cooperation in discovery on Plaintiff's side, and materially alter the

complexity of the case and its potential defense") (citations omitted). Hence, the District Court properly denied Shao's request for leave to amend his Complaint to add Shapiro, Wilson, and Smith as defendants.

For the above reasons, this Court should affirm the District Court's order finding that Shao's amendments are futile, and Allstate would be prejudiced if Shao were permitted to amend his Complaint at this point.

## B. The District Court Properly Denied Shao's Motion to Take Depositions (ECF 86).

Shao also appeals the District Court's ruling on his Motion to Take Depositions as it relates to Maggie Wang, Bryan Reid, Amy Ho, Tim Beckner, Hilarie Sweeney, Robert Hopkins, Rick Bosworth, Tom Wilson, Glenn Shapiro, and Ann Smith. (ECF 73, 86). His motion provides broad topics on which he intended to depose each individual. (ECF 73). In its Response, Allstate objects to the depositions of Tom Wilson, Glenn Shapiro, Robert Hopkins, Ricky Bosworth and Hilarie Sweeney, but it does not object to the depositions of Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho so long as the Federal Rules of Civil Procedure are followed. (ECF 78). Allstate objected to the depositions of Wilson, Shapiro, Hopkins, Bosworth, and Sweeney because it was clear that none of these individuals would have knowledge of Shao's specified deposition topics. (*Id*. at ¶¶ 4-10).

Shao is entitled to obtain discovery regarding any non-privileged matter that is relevant to its claim and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In light of this standard, the District Court correctly (1) denied Shao's request to depose Wilson, Shapiro, Hopkins, Bosworth, and Sweeney, (2) granted Shao's request to depose Beckner, Smith, Wang, Reid, and Ho conditioned upon his compliance with Rules 26, 30, and/or 45, and (3) ordered Shao to meet and confer with Allstate about his deposition. (ECF 82).

Shao now argues, however, that the District Court erred in denying his request to depose Hilarie Sweeney, Richard Hopkins, Tom Wilson, and Glenn Shapiro. (First Brief, ¶¶7-10). In spite of Shao's arguments, it is still highly unlikely that any of these individuals have personal knowledge regarding Shao's Complaint. Moreover, even if this Court were to reverse the District Court's decision, Shao's appeal is separately futile due to fact discovery being closed.

***First***, Shao claims that Hilarie Sweeney, a Financial Compliance Officer at Allstate, must be deposed on "the critical event of forcing Shao to report on U4 the five books he had published in China and Taiwan before 2015 when he joined Allstate." (First Brief, ¶ 7d; ECF 73, ¶ 5). Ms. Sweeney is not likely to have personal knowledge of this event, and this fact is otherwise not relevant to Shao's claims against Allstate.

***Second***, Shao claims that the District Court erred with respect to Robert Hopkins, Allstate's former Regional Financial Leader. Shao wants to depose Hopkins on "what had happened in the life-insurance-reinstatement event…and [what] had led Shao to write to CEO Mr. Wilson on 06/11/18." (First Brief, ¶ 8c; ECF 73, ¶ 6). It is unlikely that Robert Hopkins has personal knowledge about these topics. In fact, Shao's Brief admits that (1) Shao did not contact Hopkins, and (2) Kia Vassar handled the life insurance policy, not Mr. Hopkins. (First Brief, ¶ 8c) Further, Shao's proposed topics do not otherwise have bearing on Shao's claims against Allstate.

***Third***, Shao claims that the District Court erred in denying his request to depose Tom Wilson, Allstate's Chief Executive Officer. (First Brief, ¶ 9; ECF 73 ¶ 8). In this appeal, Shao lists six categories of information he believes Mr. Wilson has personal knowledge of: (1) lack of due process at Allstate, (2) employees being "above the law"; (3) Paragraph XX.A of the "main contract"; (4) an alleged hostile work environment; (5) Shapiro's "decision" to put Shao "in the harm's way of Covid-19"; and (6) any alleged profit from ABO and TPP. (First Brief, ¶ 9c). Wilson is highly unlikely to have any personal knowledge regarding these allegations. Moreover, the topics Shao lists for his deposition are better addressed by lower-level employees, such as Tim Beckner or former employee Ann Smith—two deponents that Shao was provided leave to depose.

***Finally***, Shao claims that the District Court erred in denying his request to depose Glenn Shapiro, the former President of Allstate. (First Brief, ¶ 10; ECF 73, ¶ 9). In this appeal, Shao lists four categories of information he believes Shapiro has personal knowledge of: (1) a lack of transitional period; (2) whether Shao's life is less valuable than a dog; (3) Paragraph XX.E and XX.F of the "main contract"; and (4) any alleged profit from ABO and TPP. (First Brief, ¶ 10c). Most of these topics, however, do not have any bearing on the allegations in Shao's Complaint. It is also highly unlikely that Shapiro possesses any personal knowledge regarding these topics or the allegations in Shao's Complaint. Rather, these topics may be addressed by the Allstate witnesses that Shao received leave to depose.

In sum, the District Court acted well in its discretion in denying Shao's request to depose Hilarie Sweeney, Robert Hopkins, Tom Wilson, and Glenn Shapiro because these individuals are (a) highly unlikely to possess personal knowledge of Shao's specified topics for deposition or the allegations in his complaint; and/or (b) are so high level within Allstate that their testimony may be obtained through other means, such as depositions of lower-level employees. These circumstances warrant the affirming of the District Court's denial of Shao's motion to take the depositions of Hilarie Sweeney, Robert Hopkins, Tom Wilson, and Glenn Shapiro. *Firewalker-Fields v. Lee*, 58 F.4th 104, 123 (4th Cir. 2003) (district court did not abuse its

discretion in denying motion to take depositions where "discovery requests would have been irrelevant").

### C.    The District Court Properly Denied Shao's Motion to Compel Discovery (ECF 124).

The District Court properly denied Shao's Motions to Compel discovery from Allstate, and this Court should affirm the District Court's denial of his Motion to Compel First and Second Set Requests for Admissions (ECF 94), Motion to Compel First and Second Set of Interrogatories (ECF 95), and Motion to Compel First and Set of Requests for Production of Documents and Things (ECF 96).

Shao makes a plethora of arguments as to why Allstate's discovery responses are insufficient, none of which have merit. (Second Brief, ¶ 2). For example, Shao "still think[s] that Appellee was engaged in blanket denials." (Second Brief, ¶ 2b). Shao's discovery requests, however, were not written in a way that is readily answerable. Allstate answered the discovery requests to the extent that Allstate understood what Shao was seeking. (Mar. 1, 2024 Hearing Tr. at 12:9-20) ("[W]e did the best we could, but we didn't find that they were… cohesively written or clear. [W]e offered to produce business records pursuant to Rule 33(g) [sic]. So we are trying to work with him.") Allstate also produced documents responsive to his discovery requests. (*Id.*. at 12:6-8).

The District Court agreed with Allstate, stating that "in reviewing this, it does seem as though the requests were written in a way that is not typically how discovery

is propounded… So it puts me in a little bit of a difficult position trying to compel something that's not a clear request." (*Id.* at 12:21-13:4.) The District Court also asked Shao to "clarify" his requests, but Shao refused. (*Id.* at 13:7-18.) The District Court's denial of Shao's Motions to Compel, therefore, were properly considered and well within its discretion.[3] This Court should affirm the District Court's denial of Shao's motions. *Westfield Ins. Co. V. Carpenter Reclamation, Inc.*, 614 Fed.Appx. 622, 623 (4th Cir. 2015) (affirming denial of motion to compel where party "has not plausibly suggested any basis that the documents it sought in its motions would have any bearing on the dispositive issues in this case").

### D. The District Court Properly Decided All Issues Relating to Depositions.

It is unclear what relief Shao seeks with respect to Section 4 of his Second Brief. Shao purports to raise three issues: (1) he did not depose Ann Smith; (2) the Court extended the fact discovery deadline for the limited purpose of Shao's deposition; and (3) Allstate did not provide him with a recording of his deposition.

---

[3] Shao also failed to meet and confer with Allstate before filing any of his motions to compel, which violates both Local and Federal Rules. Fed. R. Civ. P. 37(a)(1); E.D. Va. Civ. R. 37(E). The District Court had complete discretion to deny Shao's Motions to Compel solely due to his failure to meet and confer. *Rainey for Est. of Rainey v. Anderson*, 2018 WL 3636596, at *2 (E.D. Va. Apr. 11, 2018); *Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 2012 WL 12894840, at *3 (E.D. Va. Feb. 23, 2012).

All issues are rooted in a clear misunderstanding of law and fact, and the District Court properly decided them.

*First*, for the first time on appeal, Shao raised his difficulties with serving and deposing Ann Smith prior to the discovery cutoff. Issues raised for the first time on appeal are waived. *Bell v. Brockett*, 922 F.3d 502, 513 (4th Cir. 2019). Nonetheless, the District Court has complete control over its schedule and did not err in keeping the parties on that schedule. *Westfield Ins. Co.*, 614 Fed. Appx at 623 ("District courts are afforded substantial discretion in managing discovery…"). In any event, this Court should deny Shao's request to depose Ann Smith because he failed to do so prior to the discovery cut off. *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 564 F. App'x 23, 24 (4th Cir. 2014) (party who "fail[ed] to depose a key witness before the discovery deadline" was not entitled to take deposition).

*Second*, Shao appears to take issue with the District Court's grant of Allstate's Motion to Compel his deposition and/or the District Court's extension of the discovery deadline for the limited purpose of Allstate taking Shao's deposition. (Second Brief, ¶ 4). It is unclear what relief Shao seeks through this argument because Shao's deposition already occurred. Nonetheless, the District Court did not err in granting Allstate's Motion because Shao, the plaintiff, refused to discuss his deposition with Allstate despite orders requiring him to do so. (ECF 82, 83 ¶ 3, 97, 127). Even though the Court set a discovery deadline of March 8, 2024, Shao

indicated that he would not sit for his deposition before March 8, which forced Allstate to file its Motion to Compel. (ECF 127). This situation was entirely of Shao's making, and the District Court correctly (a) ordered Shao to sit for his deposition and (b) extended the fact discovery deadline for that purpose. *Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC*, 2019 WL 8128147, at *2 (E.D. Va. Jan. 7, 2019) (granting motion to compel deposition that was timely noticed). Therefore, the District Court did not abuse its discretion in granting Allstate's Motion.

**Third**, Shao appears to request guidance from this Court about "whether it is appropriate for him to moves respectively this Court to order Ms. Burnett to furnish Shao a recording of his 3/20/24 deposition." (Second Brief, ¶ 4b). As explained to Shao at his deposition, Allstate is not in possession of the recording because Allstate did not order it from the court reporter. (Second Brief, Exhibit B). Therefore, this Court should deny Shao's request.

## E. The District Court Properly Denied Shao's Motion for Sanctions (ECF 124).

The District Court correctly denied Shao's Motion for Sanctions relating to alleged "false statements" Allstate made during discovery. (ECF 108). Shao purports that Allstate made "false statements" by objecting to the depositions of Richard Bosworth and Robert Hopkins. Allstate objected to these depositions because they are high-level executives that are unlikely to have unique or special

knowledge about Shao's allegations. (ECF 78, ¶¶ 4-9). Further, Shao claims that Allstate made "false statements" with respect to which Allstate executives were still employed with Allstate at the time that Allstate issued its Rule 26 disclosures. Allstate issued its disclosures based on its then-current knowledge, and has since amended its disclosures to reflect changes consistent with Federal Rule of Civil Procedure 26(e). *Wood v. Credit One Bank*, 2017 WL 11503875, at *4 (E.D. Va. Sept. 21, 2017) (denying motion to sanction Defendant because they complied with Rule 26(e)). Additionally, Shao accuses Allstate of hiding the "whereabout of Mr. Shapiro since 3-12-20." (Second Brief, ¶ 5c). Shao, however, asked Allstate to admit the location of Shapiro in a Request for Admission. Allstate denied this Request because it had no knowledge or basis for admitting the Request. (ECF 94-1).

These actions are not sanctionable. The District Court agreed that these actions are not sanctionable by stating, "I don't find there to be any basis in law or fact… that anybody engaged in any inappropriate conduct, much less sanctionable conduct. [Y]ou made a very serious accusation about something that I just don't think there is… any evidence to support." (Mar. 1, 2024 Hearing Tr. at 16:6-19.) In doing so, the Court asked Shao if he had "anything else [he] want[ed] to argue with respect to... [his] claims for sanctions," to which Shao replied, "[N]o." (*Id*. at 15:23-24.) The District Court, therefore, adequately considered Shao's Motion for Sanctions, allowed Shao every opportunity to provide additional support, and

correctly decided that Shao had no basis for his Motion.[4] This decision was not an abuse of discretion. *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.*, 164 F.3d 623 (4th Cir. 1998).

For these reasons, this Court should affirm the District Court's order denying Shao's Motion for Sanctions.

### F. The District Court Denied As Moot Allstate's (ECF 124, 139).

Finally, this Court should affirm the District Court's decision to deny as moot Allstate's Motion to Seal and Remove From Docket. (ECF 109 & 110.) It is unclear what relief Shao hopes to achieve from his appeal of these Motions because they were denied as moot against Allstate.[5] (ECF 124.)

For all of the above reasons, this Court should find that the District Court did not abuse its discretion and affirm the orders denying and/or finding for Allstate with respect to: (A) Shao's Motion for Leave to File an Amended Complaint (ECF 47); (B) Shao's Motion for Depositions (ECF 73); (C) Shao's Motions to Compel

---

[4] Shao also failed to comply with Rule 11's mandatory safe harbor provision. Fed. R. Civ. P. 11(c)(2). This Court can separately find that the District Court acted will within its discretion in denying Shao's motion for sanctions solely due to his failure to comply with the safe harbor provision. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 329 F.3d 285, 389 (4th Cir. 2003); *Navy Fed. Credit Union v. LTD Fin. Servs., L.P*, 2019 WL 2203128, at *2 (E.D. Va. May 3, 2019).

[5] During the March 1, 2024 Hearing, the Court confirmed that the Exhibits were not publicly accessible and ordered Allstate to file a Renewed Motion to Seal addressing each of the Exhibits that should remain sealed. (ECF 114). Shao does not address the Court's order regarding the Renewed Motion to Seal. (ECF 137.)

Discovery from Allstate (ECF 94, 95, & 96); (D) Shao's Motion for Leave To File Subpoenas (ECF 103); (E) Shao's Motion for Sanctions Against Allstate (ECF 108); and (F) Allstate's Motion to Seal and Remove from Docket (ECF 109, 110).

**CONCLUSION**

For the foregoing reasons, this Court lacks jurisdiction over the non-final orders Shao seeks to appeal, and his appeals must be DISMISSED. In the alternative, the District Court's rulings in ECF Nos. 76, 82, and 124 should be AFFIRMED.

**Date:** May 23, 2024

Respectfully submitted,

Defendant – Appellee
Allstate Insurance Company,

*/s/ J. Scott Humphrey*

J. Scott Humphrey
Katie Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312-212-4949
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this May 23, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that I caused a true and correct copy of the foregoing to be served via email and US Mail upon the following:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com


_____ /s/ J. Scott Humphrey _____

J. Scott Humphrey

*Attorney for Defendant-Appellee*
*Allstate Insurance Company*